**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

DANIEL T. MILLER,
Plaintiff-Appellant,

and

HELEN MELTON,
Plaintiff,

v.

No. 95-3193

GLENN V. LONGACRE, JR.; WANDA
LONGACRE; JOHN MOORE; HELEN
MOORE; BROOKS RUN COAL
COMPANY; ALL JOHN & JANE DOE
CLAIMANTS,
Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Charles H. Haden II, Chief District Judge.
(CA-95-908)

Submitted: September 17, 1996

Decided: September 27, 1996

Before HALL, HAMILTON, and MOTZ, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Daniel T. Miller, Appellant Pro Se. William Tracey Weber, Jr.,
WEBER & WEBER, Weston, West Virginia; David John Romano,
Clarksburg, West Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Daniel Miller appeals from a district court order denying his motion for misjoinder filed in connection with his underlying action to quiet title to a piece of real property located in West Virginia. Miller is a resident of Washington state, while the Defendants in this action include several West Virginia residents and a West Virginia corporation. The original complaint in the action, however, includes both Miller and Helen Melton, who is a West Virginia resident.

Because Melton's presence in the action defeated complete diversity, the district court granted the Defendants' motion to dismiss for lack of jurisdiction. Miller contends that this motion was filed and granted before it was ever served on him. Subsequent to the entry of the order, Miller filed a paper moving to strike the dismissal order and for misjoinder, in which he complained of the untimely service, and requested that Melton be removed from the action because she was a dispensable party and her removal would repair the jurisdictional defect. On the same day, Melton also filed a motion for misjoinder requesting her own dismissal from the action. The district court denied the motions on the ground that "this is a closed case."

Thus, the district court apparently proceeded on the assumption that it lacked authority to grant Miller's motion. It is settled, however, that pursuant to Federal Rule of Civil Procedure 21, a district court may drop a dispensable party from an action at any time, including after judgment has been entered. See Newman Green, Inc. v. Alejandro Alfonzo-Larrain, 490 U.S. 826, 832 (1989). In Newman Green, the Court also commented that dismissing actions where there has been a misjoinder of a dispensable party runs counter to effective judicial administration. Id. at 836-37.

The record does not disclose Melton's connection to the underlying action, and we note that the district court has not addressed her dis-

2

pensability. We therefore vacate the district court's order denying Miller's motion to strike and for misjoinder, and remand for further consideration in light of this opinion. If necessary on remand, the court should also address Miller's contention that he was not timely served with the motion to dismiss. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED WITH INSTRUCTIONS</u>

3